# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LAURA MARINA CORNEJO,

               Debtor.

Case No. A10-00351-DMD
Chapter 7

**Filed On 8/2/10**

## MEMORANDUM ON MOTION TO AVOID JUDICIAL LIENS

Pending before the court is the debtor's motion to avoid two judicial liens, one held by Alaska USA Federal Credit Union and the other by Citibank (South Dakota). The motion cannot be granted at this time because it was not served in accordance with Fed. R. Bankr. P. 7004. The debtor's attorney served Alaska USA by mailing a copy of the motion and notice to Alaska USA, Attention: Enforcement, at a Post Office Box in Anchorage, Alaska. Citibank (South Dakota) was served by first class mail addressed to a street address in Sioux Falls, South Dakota.

The debtor's motion implicates two different subsections of Fed. R. Bankr. P. 7004. First, Citibank (South Dakota) is "an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act)."[1] The status of Citibank can be verified by visiting the FDIC's Institution Directory at http://www3.fdic.gov/idasp/. Because Citibank is an insured depository institution, it must be served in this contested matter in accordance with Rule 7004(h), which requires service "by certified mail addressed to an officer of the institution."[2] Rule 7004(h) contains exceptions to this requirement, but none of them appear

---

[1] *See* Fed. R. Bankr. P. 7004(h).

[2] Fed. R. Bankr. P. 7004(h). *See also Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342 (4th Cir. 2003).

applicable here. The debtor's service upon Citibank (South Dakota) was deficient because it was not sent by certified mail or addressed to an officer of this banking institution.

Alaska USA is a federal credit union, not insured under section 3 of the Federal Deposit Insurance Act. Service upon Alaska USA must be made in accordance with Fed. R. Bankr. P. 7004(b)(3), which requires that the mail must be addressed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[3] Mailing the notice and motion to Alaska USA, to the attention of "Enforcement," does not satisfy this service requirement.

There is a split of authority on whether Rule 7004 requires service upon a specifically named officer or agent of the entity being served, or whether service addressed to the "president" or "managing agent" is sufficient.[4] The Ninth Circuit BAP has indicated that either method will satisfy the service requirements of Rule 7004(b)(3), so that service under this subsection can be satisfied if the mail is addressed "to the attention of an officer, managing or general agent, without specifically naming the individual officer or managing or general agent."[5] Rule 7004(h) appears to have a stricter service requirement, in that the certified mail must be addressed to an officer of the institution. Presumably, under *Villar*, service upon an insured depository institution can be made by addressing the envelope to the president or another officer of the institution as well. However, the court notes that there are several on-line resources available to parties that do identify the individual officers of banks

---

[3] Fed. R. Bankr. P. 7004(b)(3). *See also In re Saunders*, 8 A.B.R. 113 (Bankr. D. Alaska 2004), *citing In re Villar*, 317 B.R. 88 (B.A.P. 9th Cir. 2004).

[4] *Villar*, 317 B.R. at 93.

[5] *Id.*

2

and credit unions by name.  First, the State of Alaska, Department of Commerce, maintains an annual directory of banks and financial institutions doing business in Alaska, at: http://www.commerce.state.ak.us/bsc/pub/2010_Directory.pdf.  This directory lists the officers and branch managers for financial institutions located in Alaska.  Credit union information can be found at: http://www.ncua.gov/DataServices/FindCU.aspx.  Limited officer information for financial institutions and other companies can also be found on-line in the Hoovers Companies directory:  http://www.hoovers.com/.  Information regarding officers for financial institutions may also be found in the database maintained by the SEC at http://www.sec.gov/edgar/searchedgar/companysearch.html.  Given that this information is readily available over the Internet, it does not seem burdensome for parties to locate the names of specific officers or agents when seeking to accomplish service under subsections (b)(3) or (h) of Rule 7004.

Because the debtor's motion to avoid judicial liens was not served in accordance with Fed. R. Bankr. P. 7004, it will be denied, without prejudice, pending proper noticing.  An order will be entered accordingly.

DATED:  August 2, 2010

                          BY THE COURT

                          /s/ Donald MacDonald IV
                          DONALD MacDONALD IV
                          United States Bankruptcy Judge

Serve:       P. Paslay, Esq.
              L. Compton, Trustee
              U. S. Trustee
                        08/02/10